UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O&R CONSTRUCTION, LLC, individually and on behalf of all others similarly situated,<br>   Plaintiff,<br> v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br>   Defendants. | C12-2184 TSZ |
| DIE-MENSION CORPORATION, individually and on behalf of all others similarly situated,<br>   Plaintiff,<br> v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br>   Defendants. | C14-855 TSZ |
| VINOTEMP INTERNATIONAL CORPORATION, et al., individually and on behalf of all others similarly situation,<br>   Plaintiff,<br> v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br>   Defendants. | C14-1021 TSZ |

ORDER - 1

| | |
|---|---|
| ALTAFLO, LLC, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiff,<br>　　v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br>　　　　　Defendants. | C14-1288 TSZ |
| FLOW SCIENCES INC., individually and on behalf of all others similarly situated,<br>　　　　　Plaintiff,<br>　　v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br>　　　　　Defendants. | C14-1404 TSZ<br><br>**ORDER** |

THIS MATTER comes before the Court on plaintiffs' third unopposed motion for preliminary approval of class action settlement, which was filed in Case No. C12-2184 as docket no. 238. The Court will consider the motion as though it had been filed in all five cases captioned above.

The parties propose a settlement pursuant to which defendants will fund an escrow account in the amount of $2.75 million, from which notice and claims administration fees of $187,000, taxes and tax-related expenses of $10,000, attorney's fees of $302,500, litigation expenses of $425,000, and incentive awards to named plaintiffs in the aggregate amount of $17,500 will be deducted before the balance (or Net Settlement Fund) of $1,808,000 is distributed to class members on a pro rata basis. Pursuant to the parties' draft agreement, each class member will be entitled to receive an award equal to the percentage of the Net Settlement Fund that such class member's Net Purchase Amount,

ORDER - 2

defined as the total paid for CreditBuilder products minus all refunds and credits, bears to the aggregate of all Net Purchase Amounts. The settlement also requires defendants The Dun & Bradstreet Corporation and/or Dun and Bradstreet, Inc. to add, for a period of at least two years, a full-time employee "whose primary responsibility shall be responding to and enhancing the quality of responses to trade disputes." *See* 2d Am. Stip. of Settlement at ¶ 4.1, Ex. 1 to Egler Decl. (docket no. 239-1 at 13).

The parties seek certification, for settlement purposes, of the following class:

> All persons in the states of California, New Jersey, North Carolina, Ohio, and Washington who purchased a CreditBuilder product between August 1, 2010, and January 24, 2017.

According to the proposed Settlement Administrator, Gilardi & Co. LLC, the proposed class consists of 95,502 members. Joaquin Decl. at ¶ 4 (docket no. 240). Of this number, 6,406 class members have a Net Purchase Amount of $0, and such class members would not receive any portion of the Net Settlement Fund. *Id.* at ¶ 5. The remaining 89,096 class members would receive an award between $0 and $1,099.15, based on Net Purchase Amounts between $0.05 and $53,491.[1] *Id.* The Settlement Administrator has made certain representations concerning the distribution of anticipated payments, *see id.* at ¶ 6,

---

[1] The Settlement Administrator appears to have made two errors in its calculations. The award due to each class member is supposed to be computed according to the following formula:

**( Class Member's Net Purchase Amount ÷ Total of Net Purchase Amounts ) x Net Settlement Fund**

Thus, for the class member with the highest Net Purchase Amount ($53,491), the pro rata share of the settlement fund should be ($53,491 ÷ $87,884,714.13) x $1,808,000 = $1,100.44 (not $1,099.15 as indicated by the Settlement Administrator). Instead of using the aggregate of all Net Purchase Amounts in its estimates, the Settlement Administrator based its figures on the sum of Net Purchase Amounts ($88,013,831.84) for the subset of 89,096 class members that had Net Purchases Amounts exceeding zero. *See* Joaquin Decl. at ¶ 5. The effect of this error was to decrease the estimated award for every class member. In addition, the Settlement Administrator incorrectly computed the anticipated Net Settlement Fund to be $500 more than the difference between the gross amount to be deposited into escrow and the various deductions therefrom. *See id.* at ¶ 7.

ORDER - 3

but the statistics are flawed because they ignore the 6,406 class members whose Net Purchase Amounts are $0. When such class members are included in the calculations, the expected distribution is as follows:

| Award Amount | Number of Class Members | Percentage of Total |
|---|---|---|
| $0 - 2 | 18027 | 18.87604% |
| $2.01 - 5 | 11922 | 12.48351% |
| $5.01 - 10 | 16360 | 17.13053% |
| $10.01 - 20 | 23890 | 25.01518% |
| $20.01 - 30 | 10225 | 10.70658% |
| $30.01 - 40 | 5730 | 5.99987% |
| $40.01 - 50 | 2841 | 2.97481% |
| $50.01 - 60 | 1918 | 2.00833% |
| $60.01 - 70 | 1150 | 1.20416% |
| $70.01 - 80 | 702 | 0.73506% |
| $80.01 - 90 | 487 | 0.50994% |
| $90.01 - 100 | 385 | 0.40313% |
| $100.01 - 200 | 1142 | 1.19579% |
| $200.01 - 300 | 439 | 0.45968% |
| $300.01 - 400 | 149 | 0.15602% |
| $400.01 - 500 | 68 | 0.07120% |
| $500.01 - 600 | 28 | 0.02932% |
| $600.01 - 700 | 22 | 0.02304% |
| $700.01 - 800 | 11 | 0.01152% |
| $800.01 - 900 | 3 | 0.00314% |
| $900.01 - 1000 | 0 | 0.00000% |
| $1000.01 - 1100 | 3 | 0.00314% |
| | 95502 | 100% |

As indicated in this table, almost a third of the class (31.4%) would receive $5 or less, roughly half of the class (48.5%) would get $10 or less, and about 98% of the class would be awarded $100 or less, while 3 class members would be paid over $1,000 each. The average recovery would be $18.93.[2]

---

[2] The Settlement Administrator has misstated the average award as $20.30. *See* Joaquin Decl. at ¶ 6 (docket no. 240). This figure is incorrect because it fails to account for the 6,406 class members who would receive no award because their Net Purchase Amounts are $0.

ORDER - 4

Although the Court does not have confidence in the Settlement Administrator's computations, the Court is satisfied that a pro rata distribution of the Net Settlement Fund is practicable and potentially fair, reasonable, and adequate. The Court will therefore consolidate these matters and certify a class for settlement purposes, as set forth in the conclusion; however, the scheduling of a final settlement approval hearing is deferred until the parties address the following issues:

(1) The parties have identified as a potential cy pres recipient the Washington State Bar Foundation. They have not, however, indicated how such cy pres recipient "account[s] for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." <u>Nachshin v. AOL, LLC</u>, 663 F.3d 1034, 1036 (9th Cir. 2011); <u>see also</u> <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858 (9th Cir. 2012). The class in this matter is comprised of persons in five different states, and claims were brought under the laws of those five states, but the proposed cy pres recipient provides financial support only for programs of the Washington State Bar Association. The parties must comply with the Ninth Circuit's standards concerning cy pres distributions, and the proposed notices must be revised to inform class members that they may object to the choice of cy pres recipient even if they have no other objection to the settlement.

(2) According to the Settlement Administrator, approximately 2% of the class would receive awards exceeding $100, and 67 of those members would be paid over $500. Neither the Settlement Administrator nor the parties, however, disclose how much each named class representative would receive in addition to the proposed incentive

award.  Such information must be provided to the Court and could affect its view about whether the proposed pro rata distribution of the Net Settlement Fund is fair, reasonable, adequate, and in the best interests of the class.

(3)     The Court cannot approve the forms of notices submitted by the parties.  The parties propose to provide class members with unique identifiers that will enable them to ascertain their pro rata shares of the Net Settlement Fund.[3]  Neither of the notices proposed by the parties, however, set forth the range or frequency of possible awards, and thus, the figures that class members might glean by using their respective unique identifiers would be essentially meaningless.  Moreover, the notices proposed by the parties do not inform class members about the number of persons who will receive no monetary benefit from the settlement and why.  To constitute adequate notice, the postcard and e-mail to be distributed to class members must provide them with a way of comparing their anticipated recoveries with those of other class members and of forming opinions about whether the proposed settlement is fair, reasonable, and adequate.

(4)     The parties also propose to have class members file, in hardcopy rather than electronic form, written objections directly with the Court, and to send copies to three different law offices.  They would further require that any objection include copies of all papers, briefs, or other documents upon which the objection is based.  _See_ Ex. A-1 to Proposed Order (docket no. 238-1 at 26).  This plan is unworkable.  It would require any

---

[3] The proposed notice intended to be distributed via e-mail indicates that "[a]wards will be _paid_ via United States Mail from the Net Settlement Fund to Settlement Class Members." Ex. A-1 at § XI (docket no. 238-1 at 23) (emphasis added).  This sentence is poorly worded -- awards will be sent or delivered, not paid, via mail.  Although the parties anticipate that the Settlement Administrator will distribute awards to class members, they have not indicated whether and, if so, how the Settlement Administrator will have access to the Net Settlement Fund.

ORDER - 6

class member wishing to object to incur unnecessary duplication charges and postage, and might unreasonably burden court staff. Any notice to class members and any direction on the website associated with this matter shall instruct class members to send opt-out forms,[4] objections, notices of intent to appear at the final approval hearing, and any other correspondence to the Settlement Administrator, which shall distribute such materials as appropriate to all counsel, shall prepare a suitable affidavit or declaration summarizing such submissions (or lack thereof), and shall electronically file such affidavit or declaration at least seven (7) days before any final approval hearing, along with copies of all executed opt-out forms and objections. Objections need contain only a short, plain statement of the grounds for opposing the proposed settlement, and need not include any additional papers, briefs, or other documents. In addition, the Court will not require that class members submit "valid objections" as a prerequisite to appearing at any final approval hearing.

  (5) The proposed notice for distribution via e-mail suggests that pleadings and other papers related to this litigation may be inspected in the office of the Clerk of the Court. This approach is infeasible for both the Court and class members, who might not reside near the courthouse or even in the State of Washington. The parties are directed to instead post on the website for this matter all materials relating to this action that class members might wish to review, including all pleadings and orders or rulings of the Court. In connection with any motion for final approval, the parties shall provide screen shots

---

[4] The parties are encouraged to propose an opt-out form for the Court's review. Such form, if approved, could be distributed along with the notices sent via e-mail and posted on the website for this matter.

ORDER - 7

and summaries of the information available on the website maintained for this proposed class action settlement.

(6) The parties wish to empower plaintiffs' counsel (as the Escrow Agent) to (i) invest the settlement funds, (ii) disburse the settlement funds as provided in the parties' stipulation of settlement, in an order of the Court, <u>or</u> by written agreement of defendants' attorneys and all Settlement Payers (meaning whichever defendants and/or insurance carriers fund the settlement), and (iii) pay notice and claims administration fees up to the estimated amount of $187,000 from the settlement funds without prior approval of the Court. <u>See</u> 2d Am. Stip. of Settlement at ¶¶ 4.5-4.9 (docket no. 239-1 at 14-15). The Court is unwilling to approve these provisions as written. The parties have not explained why investment of the settlement funds in government securities would be necessary or even practicable in light of the relatively short time the funds are anticipated to remain in escrow, and the Court is not inclined to permit the Escrow Agent to put the settlement funds at "risk" as contemplated in the parties' proposed agreement. Moreover, the parties have not indicated why defendants and/or their insurance carriers should be able to agree to a disbursement of settlement funds not authorized by the Court. Finally, the parties have offered no basis for completely foregoing judicial oversight regarding the payment of notice and claims administration fees.

(7) The parties envision that plaintiffs' counsel will file any motion for attorney's fees and costs approximately fifty (50) days after notice is distributed to class members and only fifteen (15) days before the deadline for submitting executed opt-out forms and/or objections. The Court is not satisfied that this schedule will permit class

1 members to review the motion papers and timely opt-out or object.  The Court will

2 require that any motion for attorney's fees and costs be filed before notice is distributed

3 to class members, that such motion and all supporting papers be posted to the website for

4 this matter, and that such materials be available via U.S. mail or e-mail upon a class

5 member's request to plaintiffs' counsel.

## **Conclusion**

Plaintiffs' third unopposed motion for preliminary approval of class action settlement, docket no. 238 in C12-2184, is GRANTED in part, DEFERRED in part, and RENOTED to June 2, 2017.  Accordingly, the Court hereby ORDERS:

(1)    Case Nos. C12-2184, C14-855, C14-1021, C14-1288, and C14-1404 are CONSOLIDATED into Case No. C12-2184.  The Clerk is DIRECTED to CLOSE Case Nos. C14-855, C14-1021, C14-1288, and C14-1404.  All future filings shall bear the cause number C12-2184 TSZ and shall be captioned as follows:

| O&R CONSTRUCTION, LLC; DIE-MENSION CORPORATION; VINOTEMP INTERNATIONAL CORPORATION; CPRINT, INC.; ALTAFLO, LLC; and FLOW SCIENCES INC., individually and on behalf of all others similarly situated, | |
|---|---|
| Plaintiffs, | C12-2184 TSZ |
| v. | |
| DUN & BRADSTREET CREDIBILITY CORPORATION; DUN & BRADSTREET CORPORATION; and DUN & BRADSTREET, INC., | |
| Defendants. | |

(2) The following class is hereby CERTIFIED for settlement purposes:

> All persons in the states of California, New Jersey, North Carolina, Ohio, and Washington who purchased a CreditBuilder product between August 1, 2010, and January 24, 2017.

The following persons are EXCLUDED from the class: (i) any person who timely submits an executed opt-out form; (ii) Gilardi & Co. LLC; (iii) Kurtzman Carson Consultants, also known as KCC LLC; and (iv) Computershare Ltd.

(3) The following entities are APPOINTED as Class Representatives: O&R Construction, LLC; Die-Mension Corporation; Vinotemp International Corporation; CPrint, Inc.; Altaflo, LLC; and Flow Sciences Inc. The following law firms are APPOINTED as Class Counsel: Robbins Geller Rudman & Dowd LLP; Stritmatter Kessler Whelan Koehler Moore Kahler; Shanberg, Stafford & Bartz LLP; and Landskroner • Grieco • Merriman, LLC. The law firm of Robbins Geller Rudman & Dowd LLP is APPOINTED as Escrow Agent. The Escrow Agent shall maintain the settlement funds in a segregated account.

(4) Gilardi & Co LLC is APPOINTED as Settlement Administrator. The Settlement Administrator shall treat as confidential the records provided by defendants concerning the class members and shall not disclose such records to any person or entity unless authorized to do so by the Court. The Settlement Administrator shall use these records solely for the purposes of providing notice to class members, for distributing awards to class members, and for corresponding as necessary with class members to administer the settlement in this matter. The Settlement Administrator shall not copy these records or use them for any purpose other than to administer the settlement in this matter. Within thirty (30) days after the completion of its obligations to administer the

settlement in this matter, the Settlement Administrator shall destroy the above-mentioned records and certify in writing to Class Counsel and defendants' attorneys that the records have been destroyed.

(5) With respect to the class defined in Paragraph 2, the Court CONCLUDES that the prerequisites set forth in Federal Rule of Civil Procedure 23(a) are satisfied: (i) the Class is so numerous that joinder of all members is impracticable; (ii) questions of law and/or fact common to all members of the Class exist; (iii) the claims of the Class Representatives are typical of the claims of the class members; and (iv) the Class Representatives and Class Counsel meet the requirements for fair and adequate representation. The Court further CONCLUDES that the class defined in Paragraph 2 meets the requirements of Federal Rule of Civil Procedure 23(b)(3): (i) the questions of law and/or fact common to class members predominate over questions affecting only individual members; (ii) resolution by class action settlement is superior to other available methods of adjudicating the dispute; and (iii) the interests of absent class members who wish to litigate their claims for damages individually will be adequately protected by the notices to be distributed via postcard and e-mail and the ability of such class members to opt out of the settlement.

(6) On or before June 2, 2017, the parties shall file a supplemental brief, not to exceed twelve (12) pages in length, addressing the issues outlined in this Order, along with revised proposed forms of notices to class members, a revised stipulation of settlement, and any proposed opt-out form. The revised proposed forms of notices should reflect the consolidation of the five cases at issue and provide class members only

the active case number, *i.e.*, C12-2184 TSZ.  The parties shall indicate what specific dates they propose for a final settlement approval hearing and related deadlines.

IT IS SO ORDERED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

DATED this 5th day of May, 2017.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge